

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable John H. Winters
Executive Director
State Department of Public Welfare
Austin, Texas

Dear Sir:

Opinion No. O-5906
Re: Power of representatives
of Department of Public
Welfare to administer oaths
under Section 37, Article
695c, and related questions.

          Section 37, Article 695c, V. A. C. S., reads in part
as follows:

> "The local representatives of the Department,
> who are charged with the duty of investigating and
> determining the eligibility of applicants for as-
> sistance under the provisions of this Act, are au-
> thorized to administer oaths and take acknowledg-
> ments concerning all matters relating to the admin-
> istration of this Act. No seal shall be required
> of such representatives of the Department in attest-
> ing to oaths administered or acknowledgments taken,
> but said representatives shall officially sign said
> oaths or acknowledgment, showing with such signa-
> ture their position and title. In this connection,
> these local representatives of the Department, for
> the purposes of the administration of this Act,
> shall have the same authority as is now had by
> Notaries Public coextensive with the limits of the
> State of Texas."

          Your inquiry follows:

          ". . . 'Did the above section authorize local
representatives to attest to oaths administered and

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

take acknowledgments pertaining to all documents in connection with the administration of Public Welfare affairs, including claims submitted for traveling expenses, local bills for maintenance of office equipment, and doctor bills for examining fees, or should it be confined to documents dealing with the eligibility of clients prior to receiving assistance grants?'

"Our legal department and the Comptroller's office assumed Section 37 gave the local representatives authority to acknowledge all items, including claims for traveling, doctor bills, and local maintenance, but was confined to field workers who had qualified under the Act for granting of public assistance.

"Since the Board of Control has now taken the position that local repair claims are not a matter relating to the administration of this Act, therefore, the field workers do not have authority to acknowledge these claims, we shall appreciate your advising just what interpretation should be placed on Section 37, and if there is a division of the administrative duties of the local representatives intended in the Act, at what point should the field worker cease to sign as a worker of the department, and where must we have a notary public administer the oath and take the acknowledgment."

You will note that the power to administer oaths and take acknowledgments under Section 37 is limited in two important respects. First, it applies only to those "local representatives of the Department, who are charged with the duty of investigating and determining the eligibility of applicants for assistance." Second, it is only "in this connection, these local representatives of the Department" are given this power.

The language of the statute seems clear in limiting the exercise of this power (a) to Department representatives who are engaged in determining the eligibility of applicants, and (b) to those instances where the exercise of such power is necessary or proper to the performance of that duty.

We are of the opinion, therefore, the Board of Control is correct in its position that the Department's representatives are without power, for example, to administer oaths for such items as traveling expenses, local maintenance and other matters that do not relate to the eligibility of applicants for assistance. We cannot, of course, precisely define the boundary line between these fields of duty because we do not have the facts before us. But the Department representatives should always be able to judge whether the administration of an oath or the taking of an acknowledgment forms a part of the necessary steps in establishing the eligibility of an applicant.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Elbert Hooper

Elbert Hooper
Assistant

EH:db

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN